# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CALEB HORNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 09-00820-CV-W-FJG |
| CITY OF LEE'S SUMMIT, MISSOURI | ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is plaintiff's Motion to Remand to the Circuit Court of Jackson County, Missouri (Doc. No. 5).

## I. BACKGROUND

Plaintiff Caleb Horner filed this action in the Circuit Court of Jackson County, Missouri on August 21, 2009. Defendant removed this action on October 7, 2009, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. On November 6, plaintiff moved to remand the case to state court (Doc. No. 5).

Plaintiff brings this action against the City of Lee's Summit on the basis that it is an employer within the meaning of Section 213.010 of the Missouri Human Rights Act ("MHRA"). Plaintiff was employed by the Lee's Summit Police Department, which is a department and agency of the City of Lee's Summit, Missouri. Plaintiff alleges discrimination based on religious beliefs in violation of the MHRA.

Plaintiff argues the case should be remanded because he has not asserted any claims pursuant to federal law, and, therefore, this Court lacks subject matter jurisdiction. Defendant claims this Court has original jurisdiction based upon plaintiff's

alleged claims under Title VII, the Family Medical Leave Act ("FMLA"), and the United States Constitution.

## II. LEGAL STANDARD

>It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2, 2005 U.S. Dist. LEXIS 30028, *7 (D. Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

## III. DISCUSSION

Defendant argues the motion should be denied because Horner's state Court Petition alleges claims under federal law. Specifically, defendant argues paragraph 7 of the Petition referenced claims under Title VII, paragraph 22 referenced a claim under the FMLA, and paragraphs 28 and 29(M) reference claims under the United States

2

Constitution. Plaintiff disagrees, and argues plaintiff intentionally omitted any reference to or reliance on a federal law for relief.

Removal of a state court action without regard to citizenship of the parties is appropriate if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). This type of federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. M. Nahas & Co. v. First National Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991). A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006)(quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Under the "well-pleaded complaint" doctrine, the plaintiff is the master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law. Id., (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987)). Thus, an incidental federal issue or a complaint that merely refers to federal law is not sufficient to sustain jurisdiction, and jurisdiction "may not be sustained on a theory the plaintiff hasn't advanced. Merrell Dow Pharmaceuticals Inc. v Thompson, 478 U.S. 804, 810 n. 6 (1986).

The Court considers whether plaintiff's cause of action arises under federal law or whether "plaintiff's right to relief necessarily depends on resolution of a substantial

3

question of federal law." Lundeen, 447 F.3d at 611. First, defendant argues plaintiff raised federal Title VII claims in paragraph 7 of his petition. Paragraph 7 states

> Plaintiff timely filed a Charge of Discrimination with the Missouri Department of Labor and Industrial Relations Commission on Human Rights alleging discrimination based on religious beliefs which also served as a filing with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR").

(Doc. No. 1-1). Plaintiff sought to avail himself of the MHRA. As plaintiff explains, he did not file his complaint with the EEOC, "but [the complaint] merely found its way to the EEOC as a result of work sharing agreements between the two agencies." (Doc. No. 5). Any cooperative agreement between the MCHR and the EEOC does not, in itself, create federal subject matter jurisdiction.

Next, defendant argues paragraph 22 referenced a claim under the FMLA. Paragraph 22 states in relevant part, "Unbeknownst to Plaintiff, The Chief of Police sought FMLA leave for Plaintiff and suggested Plaintiff take it." (Doc. No. 1-1). This paragraph provides factual support for plaintiff's claim of discrimination, but no where in the petition does plaintiff assert violation of any rights created by the FMLA.

Finally, defendant argues that plaintiff's allegations are based on the United States Constitution, thus, giving rise to original jurisdiction. Defendant points to paragraph 28 of Horner's petition, which states, "[p]laintiff was subjected to discrimination based on his religious beliefs and affiliation," as well as paragraph 29(M), which alleges, "[p]laintiff was denied an opportunity to be heard and to defend himself before the decision to terminate him was made." (Doc. 1-

4

1). While both of these claims generally arise from rights created by the Constitution, neither grant sufficient grounds for this Court to assert jurisdiction. As to paragraph 28, religious discrimination is protected by the MHRA. Indeed, the MHRA was enacted by the Missouri General Assembly, *inter alia,* "to eliminate and prevent discrimination because of race, color, religion, national origin, ancestry, sex, [and] age as it relates to employment." § 213.090.1(1). The due process allegation in paragraph 29(M) is a right protected by the Constitution; however, plaintiff's discrimination claim does not "arise under" federal law. Plaintiff's right to relief does not depend on resolution of whether his due process rights were violated, and plaintiff has not advanced violation of due process rights as a primary ground for relief. See Lundeen, 447 F.3d at 611; see also Merrel Dow Pharmaceuticals, 478 U.S. at 810. Thus, neither of these grounds is sufficient to preclude removal to state court.

## IV. CONCLUSION

Accordingly, The Court hereby **GRANTS** plaintiff's Motion to Remand (Doc. No. 5). This case is hereby **REMANDED** to the Circuit Court of Jackson County, Missouri at Independence. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Independence as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Date: 12/29/09                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri             Fernando J. Gaitan, Jr.
                                          Chief United States District Judge